NUMBER 13-09-00117-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

ARNOLD ADAME, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of

Nueces County, Texas.

 

MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Vela


Memorandum Opinion by Chief Justice Valdez
 Appellant, Arnold Adame Jr., pleaded guilty to four counts of forgery, a state-jail
felony. See Tex. Penal Code Ann. § 32.21 (Vernon Supp. 2009). The trial court deferred
adjudication, placed Adame on community supervision for four years, and ordered him to
pay restitution of $4,756.01 (for which he shared joint and several liability with a co-defendant) and court costs. On December 9, 2008, (1) the State filed a motion to revoke,
alleging various violations of the terms of his community supervision. (2) Adame pleaded
"true" to the violations, and, following a hearing, the trial court adjudicated him guilty and
sentenced him to eighteen months' imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. Adame appeals the revocation of his community
supervision. We affirm. I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Adame's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Adame's counsel has carefully discussed why, under controlling authority, there are
no errors in the trial court's judgment. Counsel has informed this Court that he has: (1)
examined the record and found no arguable grounds to advance on appeal, (2) served a
copy of the brief and counsel's motion to withdraw on Adame, and (3) informed Adame of
his right to review the record and to file a pro se response. (3) See Anders, 386 U.S. at 744;
Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More
than an adequate period of time has passed, and Adame has not filed a pro se response. 
See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Adame's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he
must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's
motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered
to send a copy of the opinion and judgment to Adame and to advise him of his right to file
a petition for discretionary review. (4) See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 


 ________________________

 ROGELIO VALDEZ

 Chief Justice

 

Do Not Publish. 

Tex. R. App. P. 47.2(b)

Delivered and filed the

18th day of February, 2010. 
1. On March 24, 2005, and April 10, 2007, the trial court entered orders imposing sanctions on Adame;
pursuant to these orders, Adame's probation was extended and set to expire on March 14, 2009. 
2. The State alleged Adame violated several conditions of his community supervision by using
narcotics, failing to report to his supervisor, failing to pay the required fees, visiting local bars, and failing to
complete community service.
3. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
4. No substitute counsel will be appointed. Should Adame wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.